IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12CR28 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| RHONDA MCELROY | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant | ) | |

Defendant Rhonda McElroy (hereinafter "DEFENDANT") moves to amend this Court's order of restitution entered on January 9, 2014. For the reasons stated, Defendant's Motion to Amend Restitution is DENIED.

## I. FACTS

On March 27, 2013, a 28-count, Superseding Indictment was filed, charging Defendant with conspiracy to commit bank and wire fraud, and bank fraud, in violation of Title 18, United States Code, Sections 371 and 1344. On September 9, 2013, Defendant pleaded guilty to Count #1, Conspiracy to Commit Bank and Wire Fraud in violation of 18 U.S.C. § 371, and Count #19, Bank Fraud and Aiding and Abetting in violation of 18 U.S.C. § 1344 and 2.

On January 9, 2014, this Court sentenced Defendant to six months imprisonment followed by three years of supervised release, and ordered that Defendant pay restitution in the amount of $65, 415.02. On May 5, 2014, Defendant moved to amend this Court's order of

restitution due to the fact that Defendant's mortgage was satisfied on December 16, 2009.

## II. LEGAL STANDARD

The means by which a Defendant may appeal or amend a final judgment are governed by the United States Code and the Federal Rules of Appellate Procedure. The United States Code emphasizes that a sentence imposing a restitution order is a final judgment, which under 18 U.S.C. § 3664(o), may only be altered in certain limited ways. Under the Federal Rules of Appellate procedure, a defendant is required to file a notice of appeal within 14 days of the entry of either the judgment or the order being appealed, or within 14 days of the filing of the government's notice of appeal, whichever date is later. Fed. R. App. P. 4(b)(1)(A). Additionally, a court may amend a restitution order in the event of certain *limited* circumstances, such as when the "victim's losses are not ascertainable" prior to sentencing, 18 U.S.C. § 3664(d)(5), or in the event of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

## III. ANALYSIS

The Defendant has identified no legally cognizable reason for this Court to review Defendant's Motion to Amend Restitution. Defendant did not file a timely notice of appeal of her sentence. As a result, the sentence, including the $65,415.02 restitution order, is a final judgment. 18 U.S.C. § 3664(o).

Further, the Defendant has not identified any circumstances which would allow the Court to amend the restitution order. Specifically, neither 18 U.S.C. § 3664(k) nor § 3664(d)(5) apply to the

restitution order challenged by Defendant. Defendant contends that she should not be held responsible for any restitution order due to the fact that her mortgage, with respect to the 252 Johns Avenue residence in Mansfield, Ohio, was satisfied on December 16, 2009. This information was known to the Defendant prior to her acceptance of a plea, and prior to sentencing. Any argument she had relating to the actual losses recoverable through restitution should have been taken into account in her plea or made at the time of sentencing. Therefore, the satisfaction of Defendant's mortgage does not establish a post-sentencing material change that would merit an amendment of the order of restitution.

### IV. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Amend Restitution is DENIED.


IT IS SO ORDERED

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE


Dated: _June 20, 2014_